# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PAUL WEEKS                                *
                                          *
v                                         *         Civil Action No. CCB-10-3432
                                          *
DORCHESTER CO. DET. CENTER, *et al.*      *
                                          *
                                        ***

## MEMORANDUM

On July 13, 2011, the court directed plaintiff to address defendants' allegation that he had failed to exhaust administrative remedies. ECF No. 20. Plaintiff filed a limited response to defendants' motion to dismiss or for summary judgment on August 2, 2011. ECF No. 21.

### Background

Plaintiff claims that during his confinement at Dorchester County Detention Center (DCDC) on September 9, 2009, while being processed he called Officer Stanley, a female correctional officer, a "bitch." In response to plaintiff's vulgarity, Officer Schuyler hit plaintiff "in the chest with two open hands," knocking him to the floor. Plaintiff states he was then handcuffed, placed in a restraining chair with his legs shackled to a platform, and his mouth covered with a spit mask. Plaintiff remained in restraints for two hours, until he was seen by the nurse for his complaints of chest pains. Plaintiff claims he was rolled in the chair to the gym and placed in front of a large fan, where he remained for a long time. Four officers, including Schuyler, eventually returned and lifted plaintiff from the chair in order to check his handcuffs. Schuyler allegedly kicked plaintiff, knocking him back into the chair. Plaintiff claims he was eventually taken from the gym and placed in another room in front of a vent. Plaintiff claims he was in the restraining chair for four hours and as a result sustained an injury to his back and shoulder.

Defendants allege in part that plaintiff never availed himself of the administrative remedy procedure available at DCDC. ECF No. 11. The grievance procedure in place at DCDC requires detainees to obtain a grievance/complaint form from the Classification Coordinator, which must then be submitted to the Warden for investigation. *Id.* at Ex. 5, p. 11.[1] After the grievance is filed, the Warden designates someone to interview the grievant and review any paperwork within ten days of receiving the grievance. Within fifteen working days of receiving the grievance, the Warden is required to provide a response, and a copy of the decision is placed in the detainee's file. *Id.* at Ex. 5, p. 2. Defendants further assert that the policy concerning administrative remedies is covered in the Inmate Informational Handbook and that plaintiff received a copy of that handbook on September 6, 2009. *Id.* Plaintiff was detained at DCDC from September 6, 2009 through March 18, 2011, and defendants maintain he never filed an administrative complaint about the alleged excessive force occurring on September 9, 2009. *Id.* at Ex. 5, p. 3.

**Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

---
[1] Page numbers refer to ECF pagination.

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The Prisoner Litigation Reform Act (PLRA) provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that no distinction should made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

3

Administrative remedies must, however, be available to the prisoner, and this court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda*, 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 88. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Thus, plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prison Office*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief").

4

Plaintiff asserts that he attempted to exhaust administrative remedies by going to the Dorchester County Commissioner's office on September 12, 2009 and asking the Commissioner if he could file charges against the officers involved in the incident. ECF No. 21. He claims the Commissioner called State's Attorney William Jones into the room and Jones indicated that he would have the incident investigated by the State Police. Jones indicated to plaintiff he would contact him with the results of the investigation and plaintiff claims he regularly contacted Jones's office over the next nine months but nothing was ever done. *Id.* Plaintiff asserts the steps he took were all the steps he knew to take.

Plaintiff further states that he was arrested on charges unrelated to this case on June 25, 2010, and was again confined at DCDC. He claims he filed a request slip asking for a "Form 602" on June 29, 2010. He was then called to the Chief of Security's office and met with Warden Satterfield, Lt. Miles and Captain Mills. ECF No. 21 at p. 2. Plaintiff claims the Warden told him that he had conducted an investigation and found that his officers did nothing wrong and that he did not want to hear any more about the incident. *Id.* Plaintiff states that the request form he filed on June 29, 2010, and the warden's response, satisfied the administrative exhaustion requirement.

A copy of plaintiff's Inmate Request Form was submitted with his complaint. ECF No. 1 at p. 10. In the form plaintiff states, "I was abuse by a staff member. I want a complaint form 602. Protection from abuse rule states (illegible) should be reported to Warden." *Id.* The response to plaintiff's request states as follows:

> An investigation was conducted back in Sept/Oct 2009, with no evidence of wrong doing or any indication the officers acted out of line. No further action is required or authorized.

*Id.* The Inmate Request Form was not dismissed as untimely. Indeed the policy concerning grievances at DCDC does not have a filing deadline for complaints concerning a policy, employee or matters other than classification or disciplinary hearing decisions. ECF No. 11 at Ex. 5, p. 11. Thus it appears plaintiff has exhausted administrative remedies for purposes of the PLRA.

Defendants' Motion to Dismiss or for Summary Judgment shall be denied without prejudice, subject to reconsideration upon completion of discovery. Plaintiff's previously filed request for appointment of counsel shall be granted for the limited purpose of assisting him with discovery. A separate order follows.


September 21, 2011　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge